*312 JUSTICE WEBER
specially concurs and dissents as follows:
The problem area for me is raised by the following portion of Issue I of the opinion:
Based on our holding in Sacco and the foregoing discussion, we hold that one who negligently removes, withholds, mutilates, embalms, provides funeral, burial, or crematory services, or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to the deceased person’s close relatives for resulting emotional distress.
In the beginning of the holding, the opinion states that it is based on the foregoing discussion, which does refer to various authorities in connection with negligent treatment of a decedent’s body. The first of such references speaks of impacts to the living which result from mistreatment of decedent’s body, such as situs of harm to the body and the impact to the survivors who are aware of such harm. The cases cited are those involving wrongful removal of corneas, negligent disinterment, and also cases where the body has been harmed by interfering with the disposition of the body — such as refrigerator malfunction, negligent embalming, leaving body unfit for funeral service and burial because of body decomposition. None of such facts are present in this case.
Next reference is made to 22 Am.Jur.2d, Dead Bodies, § 37, which emphasizes that courts have based liability on wrongful acts with regard to a dead body on the interference with the right of burial— again in this case there has been no actual interference with the right of burial. The decisions cited by Am. Jur. involved harm to the body which directly affects the availability of open casket viewing, including mud and water damage to the body, lack of refrigeration causing body to decay, loss of body, mutilation, dissection, and removal of body parts, unauthorized autopsies, and wrongful interment and wrongful disinterment. Again, I emphasize that these cases involve physical manifestations or harm to the body which interfere with the right of burial. Such facts are not present in this case.
In the present case, there has been at most negligent embalming and negligent display of such negligently embalmed body. Those facts go beyond any of the authority upon which we state we are relying. I agree with the holding of the opinion to the extent that it does grant recovery under the specific facts of this case. However, I do not agree with the very broad holding as above quoted.
*313 In substance, I believe we should hold that the party who negligently embalmed the body by failure to close a surgical incision and thereby prevent leaking of embalming fluid, and one who negligently displays such negligently embalmed body, are subject to liability to the deceased person’s close relatives for resulting emotional distress. I believe our holding should be limited to the specific facts present in this case as we are in fact going further than the cases upon which we rely.
I specifically dissent from the holding to the extent that it holds that one who negligently removes, withholds, mutilates, provides funeral, burial, or crematory services, or operates upon the body of a dead person or prevents its proper interment or cremation, is subject to liability. While I would agree that certain of these types of conduct are subject to liability under the foregoing authority, those facts are not presently before us and our statements are essentially dicta. In particular, I dissent from the key aspect of such holding which can be boiled down to a holding that one who negligently provides funeral services is subject to liability. At that point, all the rest of the standards are eliminated and we have gone far beyond any of the authority upon which we rely.
I would therefore limit the holding in this case as above specifically set forth. I concur with the remaining parts of the opinion.